**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NATAUSHA PRATT,**

               **Plaintiff,**

**-vs-**                                                                          **Case No. 6:08-cv-301-Orl-19DAB**

**CENTRAL FLORIDA PULMONARY**
**GROUP, P.A.,**

               **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO DISMISS THE ACTION WITH PREJUDICE (Doc. No. 22)**
>
> **FILED:** July 3, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on July 28, 2008 with counsel for Plaintiff appearing by phone and counsel for Defendant appearing in person.

Based on Plaintiff's responses to Court interrogatories (Doc. No. 18) and the representations of counsel, Plaintiff was employed by Defendants from December 2006 to January 2008 as an "Authorization Coordinator Specialist" coordinating patient insurance information and hospital pre-certifications. Doc. No. 18. The extent of whether Plaintiff had worked through her lunch break and her entitlement to overtime was disputed by both sides, with Plaintiff seeking approximately $10,000 for alleged overtime worked when the lunch breaks were included as work time. Doc. No. 18. Plaintiff settled for $4,000, of which $2,000 is for unpaid wages and liquidated damages, and $2,000 for release of a potential discrimination claim. Doc. No. 25-2. Plaintiff's counsel explained that after receiving the records from Defendant (*see* Doc. No. 21), Plaintiff narrowed her claim.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,500 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff from February to July 2008,

accruing 19.8 hours in the process at $265 per hour, which amounted to total fees incurred of roughly $5,247. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $2,000 to Plaintiff for unpaid wages and liquidated damages (with an additional $2,000 for the potential discrimination claim), and $3,500 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy